Hu-Nam-Nam, M.D., as Assignee of TOMAS OCASIO, Respondent, -
against
New York Central Mutual Fire Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered September 8, 2014. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, asserting that it had timely and properly denied plaintiff's claim based on improper billing. The claim form, which had been submitted to defendant by plaintiff under her social security number, indicated that the services had been performed by her employee, Dr. Samuel Theagene. Plaintiff's counsel described plaintiff as an "unincorporated solo practitioner," conceded that plaintiff uses her own social security number when billing no-fault carriers, and contended that such use is proper even when billing for services of an employee. The Civil Court, in an order entered September 8, 2014, denied defendant's motion, finding, among other things, that there were questions of fact regarding the relationship between plaintiff and the treating doctor. We reverse.
A billing provider seeking to recover no-fault benefits for services rendered to an assignor must provide, at the bottom of the claim form, a taxpayer identification number either in the form of a social security number or an employer identification number. Social security numbers are used to identify individual persons, while employer identification numbers are used to identify employers (see 26 CFR 301.6109-1 [a] [1] [ii]). "An individual ... who is an employer or who is engaged in a trade or business as a sole proprietor should use an employer identification number" (26 CFR 301.6109-1 [a] [1] [ii] [b]), since an employer identification number is required if the taxpayer "[p]ay[s] wages to one or more employees" (IRS Publication No. 334 [Tax Guide for Small Business]). Thus, it is permissible for a billing provider operating as a sole proprietor to use his or her own social security number on the claim form if it is the billing provider who rendered the services in question. However, where, as here, a doctor bills for services rendered by a treating provider in that doctor's employ, it is impermissible for the doctor to bill using his or her own social security number.
As defendant demonstrated that the claim form submitted by plaintiff was for services performed by plaintiff's employee, that the claim form was submitted under plaintiff's social security number, and that the denial of claim form based upon improper billing was mailed within 30 days of defendant's receipt of the claim form, defendant established its entitlement to summary judgment. 
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
Elliot, J.P., Weston and Solomon, JJ., concur.
Decision Date: July 20, 2016